## UNITED STATES ex rel. ANDERSON v. SIMON et al.

(Court of Appeals of District of Columbia. Submitted December 6, 1920.
Decided January 3, 1921.)

No. 3442.

1. **Schools and school districts ⊂⊃141(5)—Teacher waives objection to irregularity in charges by going to trial.**

A public school teacher, who appeared with counsel and went to trial on written charges against him, thereby waived the objection that the charges were not countersigned by the superintendent of schools, as required by rule of the board.

2. **Mandamus ⊂⊃79—Will not issue to correct errors in school board's proceeding within jurisdiction.**

A school board, in conducting a trial of a public school teacher on written charges for dismissal, is acting within the jurisdiction conferred on it by statute, and mandamus will not be granted to correct errors of the board, committed while acting within such jurisdiction.

Appeal from the Supreme Court of the District of Columbia.

Mandamus proceeding by the United States, on the relation of Horace G. Anderson, against Abram Simon and others. From an order sustaining defendant's motion to dismiss the petition and discharging the rule to show cause, relator appeals. Affirmed.

Tracy L. Jeffords and John H. Wilson, both of Washington, D. C., for appellant.

F. H. Stephens, of Washington, D. C., for appellees.

VAN ORSDEL, Associate Justice. Relator, Horace G. Anderson, filed a petition in the Supreme Court of the District of Columbia for a writ of mandamus to restore him to his position as a teacher in the public schools, from which he had been dismissed. On the petition, rule to show cause was issued, to which defendants answered. Defendants then moved to dismiss relator's petition; and from the order sustaining the motion and discharging the rule relator appealed.

It is contended that relator was dismissed from the service without a trial by the board of education, as required by statute. The law provides that no teacher shall be dismissed, except after trial on written charges, with the right, on trial or investigation, to be attended by counsel or friend. By rule of the board it is provided that the complaint shall be countersigned by the superintendent of schools.

[1] It appears that a trial was had at which testimony was taken and at which relator was present with counsel; and the board, by unanimous vote, found relator guilty of the offense charged. But it is urged that the complaint was not countersigned by the superintendent. This defect was waived by relator going to trial without objection. This is but one of the alleged errors which it is sought here to have corrected.

[2] The present proceeding is an attempt to convert mandamus into a proceeding in error to review the action of the board. What-

ever errors the board may have committed, it is clear it was acting within the jurisdiction conferred by statute.

"The extraordinary writ of mandamus will not be granted to correct mere errors of judgment committed by the board, so long as it acts within the authority conferred by statute." Nalle v. Hoover, 31 App. D. C. 311.

The judgment is affirmed, with costs.
·Affirmed.